## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **CHRISTOPHER MARTIN LOREA**, | Case No.  **05-65327-13** |
| Debtor. | |
| | |
| **SPECIALTY WOODWORKS, CO.**, | |
| Plaintiff. | |
| -vs- | Adv No.  **05-00131** |
| **CHRISTOPHER MARTIN LOREA**, | |
| Defendant. | |

# MEMORANDUM   OF   DECISION

At Butte in said District this 31st day of May, 2007.

Pending in this adversary proceeding is the Motion to Alter or Amend Judgment (Docket No. 52) filed on March 2, 2007, by Plaintiff Specialty Woodworks, Co. ("Specialty"), seeking enforcement of the Defendant/Debtor's confirmed Chapter 13 Plan and a Stipulation between the parties filed in the above-captioned Chapter 13 case, plus an award of prejudgment interest or the increase in value of property subject to a constructive trust.  The Defendant filed an objection and the matter was heard after notice on April 2, 2007, after which the parties were granted time to file briefs, which have been reviewed by the Court along with the record and applicable law.  For the reasons set forth below, Plaintiff's Motion to Alter or Amend Judgment is denied.

1

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). The parties agree this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).  At issue is (1) whether Specialty's request for modification of the confirmed Plan and enforcement of a Stipulation between the parties filed in the main case, No. 05-65327-13, are proper subjects of a Motion to Alter or Amend the Judgment entered in this adversary proceeding; and (2) whether Plaintiff is entitled to prejudgment interest under MONT. CODE ANN. ("MCA") §§ 27-1-211, 27-1-212, or 27-1-320.

## PROCEDURAL HISTORY & BACKGROUND FACTS

Debtor/Defendant Christopher Martin Lorea filed a Chapter 13 petition on October 16, 2005, and filed his Schedules, Statements and Plan on October 31, 2005.  Specialty filed objections to confirmation and also filed an objection to Debtor's homestead exemption on the grounds the Debtor's homestead property is held in constructive trust.  Debtor did not respond to Specialty's objection and the Court entered an Order on December 15, 2005, sustaining Specialty's objection and disallowing Debtor's claim of homestead exemption "as having priority over Specialty's constructive trust claim."  (Docket No. 20 in Case No. 05-65327-13).

Specialty filed its complaint initiating this adversary proceeding on November 16, 2005, seeking to impose a constructive trust on real[1] and personal property[2] purchased by Defendant with allegedly stolen funds.  The prayer of the complaint includes a request "that Plaintiff

---

[1]The subject real property is described as 862 North Shoshone Loop, Hamilton, Ravalli County, Montana.

[2]The personal property is described by reference to Exhibit "A" to Defendant's Schedule B, which is a table of assets purchased with Plaintiff's funds with a total original purchase price on page 2 stated in the sum of $42,057.00.

2

be awarded interest on such trust from the date such funds or property were acquired by

Defendant". Defendant filed an answer admitting possession of personal property purchased

with embezzled funds, but contending that he has long offered to return the items and requests an

offset against any constructive trust, and otherwise praying that the Court deny Plaintiff's

complaint. A pretrial scheduling conference was held on January 11, 2006, after which the Court

entered a Scheduling Order setting pretrial deadlines and a trial date.

In Debtor's Chapter 13 case the Debtor filed an amended Plan on January 11, 2006

(Docket No. 23), which contemplates the sale of the Debtor's homestead and turnover of all

proceeds in excess of the allowed homestead amount to the Trustee. Specialty and Lorea entered

into a written Stipulation filed January 18, 2006 (Docket No. 26), which notes this adversary

proceeding and provides: "The Court may confirm Mr. Lorea's amended Chapter 13 plan subject

to adversary proceeding No. 05-131. If as a result of this adversary proceeding it is determined

that Mr. Lorea holds any property in constructive trust for Specialty's benefit, Lorea will amend

his plan accordingly." The Stipulation was signed by the attorneys for the Debtor and Specialty

and was approved without objection, after notice, by Order entered on January 18, 2006 (Docket

No. 27), which provides:

> **IT IS ORDERED** the Stipulation between the Debtor and Specialty
> Woodworks Co. ("Specialty"), filed January 18, 2006, is approved; and the parties
> thereto henceforth shall be bound by and shall perform, and plan confirmation is
> subject to the results of adversary proceeding No. 05-131 in which as a result of
> said adversary proceeding if it is determined that debtor holds any property in
> constructive trust for Specialty's benefit Debtor shall amend his plan accordingly,
> all in accordance with the terms of said Stipulation.

> **IT IS FURTHER ORDERED** a separate Order shall be entered in
> conformity with the above confirming Debtor's Amended Chapter 13 Plan filed
> on January 11, 2006, as further amended by the terms of the Stipulation approved

above, the terms of which are incorporated by reference into the confirmed Plan as though set forth in full therein.

The amended Chapter13 Plan was confirmed by Order entered on February 23, 2006 (Docket No. 38).

The Debtor moved to sell his homestead.  Specialty objected and the parties resolved that objection by written Stipulation filed on March 14, 2006 (Docket No. 49), which was signed by attorneys for the Debtor and Specialty and in addition by the Chapter 13 Trustee Robert G. Drummond.  The Court approved the Stipulation by Order entered on March 14, 2006 (Docket No. 51) and granted Debtor's motion to sell his residence as modified by the Stipulation[3].  The Debtor's motion to approve settlement statement for the sale was approved by Order entered on March 27, 2006, and the Debtor was authorized to proceed with the closing.

In this adversary a proposed Final Pretrial Order was submitted by the parties on November 2, 2007 (Docket No. 25) and approved by Order entered on November 3, 2007 (Docket No. 27).  The Final Pretrial Order provides under the Nature of Action, Elements of Liability and Defense sections a discussion of constructive trust.  The "Relief Sought" Section VI states:  "Plaintiff seeks judgment that the funds on deposit with the court plus a certain semen cooler are subject to a constructive trust in its favor and are to be turned over to it."  No mention exists anywhere in the Final Pretrial Order of Plaintiff's request for prejudgment interest such as Specialty included at the end of its complaint, and the Final Pretrial Order concludes with the

---

[3]Among other things, the Stipulation provides that the first $100,000 of the proceeds will remain traceable to the sale of the homestead, and the Debtor would not be forced to treat any of that as disposable income for purposes of his confirmed Plan.  The remaining proceeds deposited with the Court shall not be turned over to the Trustee under the confirmed Plan unless the Defendant succeeds in this adversary proceeding.

4

provision that it "supplements and supersedes the pleadings in this matter". The Court's Order

approving the Final Pretrial Order provided that it "shall supercede the pleadings filed by the

parties and shall govern the course of the trial unless it appears that modification of the Final

Pretrial Order is necessary to prevent manifest injustice."

Trial of this adversary proceeding was continued several times. Trial commenced on

November 9, 2007, and concluded on November 13, 2006. The parties were allowed to file post-

trial briefs. Specialty's brief (Docket No. 44) does not request or discuss prejudgment interest,

except by reference to the complaint which was superseded by the Final Pretrial Order. The

Court entered on February 20, 2007, a 29-page Memorandum of Decision (Docket No. 45)

(hereinafter the "Memorandum") including findings of fact and conclusions of law, which *inter*

*alia* denied both sides' requests for default of the other and concluded by directing entry of a

separate Judgment (Docket No. 48) against the Defendant imposing a constructive trust to the

extent of $52,054.96 on the proceeds from the sale of Defendant's home located at 862 North

Shoshone Loop, Hamilton, Ravalli County, Montana, ordering funds in that amount immediately

transferred to Specialty, and  remitting the balance of sale proceeds to the Defendant.

The Court imposed the constructive trust on the Defendant's property because otherwise

the Defendant would benefit from his spouse Pamela Lorea's ("Pam") fraud and unjust

enrichment, but the Court recognized and discussed the problem of determining what amount of

Specialty's funds embezzled by Pam over several years went into the Defendant's home.

Memorandum, p. 23. In the following pages the Court discussed the embezzled funds which

contributed to the downpayment on the Defendant's homestead and improvements, but the Court

also noted that funds from Pam's inheritance went into the homestead. Memorandum, pp. 23-28.

5

The Court specifically omitted from the constructive trust expenditures for repairs and maintenance because they maintained the value of the property and did not necessarily increase the value of the property.  Memorandum at p. 28.

Plaintiff filed on March 2, 2007, the instant Motion to Alter or Amend Judgment (1) objecting to the provision in the judgment that the balance of funds be remitted to the Defendant as inconsistent with his confirmed Chapter 13 Plan which requires all nonexempt proceeds in the sum of $57,096.24 be paid to the Trustee; (2) contending that payment of the nonexempt funds to the Trustee is required by the March 6, 2006, stipulation between Plaintiff, Defendant and the Trustee; and (3) asserting Plaintiff is entitled to prejudgment interest on the constructive trust funds at the legal rate from December 1, 2002, or, alternatively, the increase in value of the real property under MCA § 27-1-320.  Defendant filed a response in opposition on March 14, 2007, contending: (1) that the stipulation between the parties and the Trustee governs and specifically contemplates modification of the Plan based on the adversary proceeding results; (2) that the actual amount deposited in the Court's registry is $135,523.65 and was overstated by Plaintiff; (3) that no funds exist in excess of the $100,000 homestead and $52,054.96 constructive trust award to turn over to the Trustee; and (4) that § 27-1-320 is applicable to conversion damages and not to a constructive trust, and that Plaintiff did not include a request for prejudgment interest in the Final Pretrial Order, at trial or in its post-hearing brief and therefore waived any claim for prejudgment interest.

The Court held the hearing on Plaintiff's Motion to Alter or Amend on April 2, 2007.  No additional evidence was admitted, and the Court granted the parties time to file additional briefs, which were filed and reviewed by the Court.  The matter is ready for decision.  This

6

memorandum contains the Court's findings of fact and conclusions of law.

**DISCUSSION**

**I.  Contentions of the Parties.**

Specialty's brief reduces the amount of nonexempt proceeds from the sale of the Debtor's property it wants ordered turned over to the Chapter 13 Trustee to $35,525.65.  Specialty notes that its objection to Debtor's homestead exemption was not opposed and the homestead was disallowed with respect to Specialty's constructive trust claim, and argues that the plain meaning of the Stipulation between the parties requires that the $35,525.65 be turned over to the Trustee.  Specialty contends that it is entitled to prejudment interest on the award under Montana law, including §§ 27-1-320, 27-1-211 and 27-1-212.  Specialty admits that Montana law does not answer whether prejudgment interest is to be awarded where converted property is transferred to a third party, but argues that the underlying principle of preventing unjust enrichment justifies an award of prejudgment interest.  Specialty contends that the amount awarded to Specialty was capable of being made certain by calculation under § 27-1-211, as was done by the Court in its decision, and that its right to interest "vested" no later than October 24, 2003.  Finally, if not entitled to prejudgment interest as a matter or right under the preceding statutes, Specialty contends that the Court should exercise its discretion and award prejudgment interest under § 27-1-212 to make it whole and prevent Defendant from being unjustly enriched from appreciation of the property because his contribution to the purchase of the property was only minimal.

Defendant argues that the Stipulation between the parties which this Court approved contemplates modification of the confirmed Plan in Defendant's Chapter 13 case based on the results of this adversary proceeding, and therefore alteration or amendment of the Judgment in

7

this adversary proceeding is inappropriate. With respect to prejudgment interest, Defendant contends that this is not a conversion case, and Montana statutes do not provide for an award of prejudgment interest against the Defendant, who he argues did not personally convert any property or cause any damage to Specialty, and the Court did not award damages against Defendant other than impose the constructive trust. Defendant argues that he testified that Specialty thwarted his efforts to return money and personal property to Specialty, and therefore factual issues remain under § 27-1-211 how to calculate interest. Defendant argues that § 27-1-212 does not include a constructive trust in its list of theories of recovery entitled to interest, and no jury finding exists as required by the statute. Finally, Defendant argues that Specialty failed to include a plea for prejudgment interest in the proposed Final Pretrial Order its attorney drafted, failed to argue or offer any evidence at trial in support of prejudgment interest and failed to argue for interest in its post-trial brief, and therefore Specialty waived any claim for prejudgment interest.

### II. Motions to Alter or Amend Judgment.

Specialty's Motion cites both F.R.B.P. 9024 (applying FED. R. CIV. P. 60 in cases under the Code) and FED. R. CIV. P. 59 ("New Trials; Amendment of Judgments"), which applies in cases under the Code pursuant to F.R.B.P. 9023, as grounds for relief. Specialty's Motion and brief do not discuss, however, which parts of Rules 59 and 60 apply in support of Specialty's request for relief. The Court determines that Specialty invoked Rule 59(e) for its 10-day period after entry of judgment for the filing of any motion to alter or amend judgment.

Rule 60 provides grounds for relief from a judgment or order based on (a) Clerical Mistakes, or (b) "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence";

"Fraud"; Etc.". This Court discussed Rule 60(b) in *In re Pillard*, 20 Mont. B.R. 445, 451-56 (Bankr. D. Mont. 2003). The Court noted that relief under Rule 60(b) may be granted for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct; ... or (6) any other reason justifying relief from the operation of the judgment. *Pillard*, 20 Mont. B.R. at 452. Since Specialty has not specified which subsection it relies on for relief, the Court must eliminate mistake, inadvertence, surprise and excusable neglect because Specialty has not demonstrated any. *Pillard*, 20 Mont. B.R. at 453.

Excusable neglect is an equitable determination taking into account all relevant circumstances, of which no presentation has been made. *Id.* (Citing cases). All that remains for relief could be Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment". However, Rule 60(b)(6) should only be used "sparingly as an equitable remedy to prevent manifest injustice". *Pillard*, 20 Mont. B.R. at 455, quoting *United States v. State of Washington, et al.*, 98 F.3d 1149, 1163 (9th Cir. 1996). Under Rule 60(b)(6) "a moving party must demonstrate that an erroneous judgment has been entered through no fault of his own, and that he has exercised diligence in protecting his rights." *Pillard*, 20 Mont. B.R. at 456, citing *United States v. State of Washington, et al.*, 98 F.3d at 1163 (other citations omitted).

Applying the above standards, the Court finds that Specialty has not met its burden of showing that the Judgment was entered through no fault of its own and that it exercised diligence in protecting its rights. Specialty's post-trial brief, Docket No. 44, admits that it has no evidence that the Defendant was involved in Pam's fraud, and no suggestion of any other fraud by the Defendant exists in the record.

9

The parties drafted and presented a proposed Final Pretrial Order, signed by their attorneys. The Final Pretrial Order does not include any discussion or request for prejudgment interest, nor does it discuss the Stipulations between the parties or the confirmed Chapter 13 Plan filed in the main case. Specialty moves for relief from the Judgment based on Rule 60, but the Court finds that Specialty did not exercise diligence in protecting its rights when it failed to include enforcement of the Stipulations and prejudgment interest in the proposed Final Pretrial Order to which it agreed. That Final Pretrial Order specifically provides that it supersedes the pleadings, as did the Order approving the Final Pretrial Order, and the relief sought by Plaintiff is described as a constructive trust on funds on deposit "plus a certain semen cooler". Specialty's attorney included a request for prejudgment interest it its complaint, but its failure to include the request for prejudgment interest in the Final Pretrial Order which superseded the pleadings[4] makes relief under Rule 60(b) unavailable with respect to prejudgment interest or the Stipulations and Plan.

The Final Pretrial Order discusses only the elements of constructive trust, which were decided in the Memorandum. No dispute exists that Specialty's claim for constructive trust falls within the scope of Part VII of the Federal Rules of Bankruptcy Procedure, Rule 7001. By contrast, enforcement of stipulations between parties which are filed and approved in a bankruptcy case, and enforcement and modification of a confirmed plan, are not found among the matters listed in Rule 7001. Rule 7001(1) specifically provides that an adversary proceeding is "a proceeding to recover money or property *other than a proceeding to compel the debtor to*

---

[4]Specialty's post-trial brief requests the relief requested in the complaint, but the Final Pretrial Order superseded the complaint and Specialty is bound by the Final Pretrial Order.

*deliver property to the trustee ....*" (Emphasis added). Specialty's Motion for relief specifically seeks to compel the Debtor to deliver money to the Chapter 13 Trustee, which is not an appropriate subject for an adversary proceeding under Rule 7001(a). The relief sought instead must be brought by motion filed in the main case, where the Stipulations between the parties and the confirmed Plan are, pursuant to F.R.B.P. 9014(a).

Rule 16, Fed. R. Civ. P., applicable in adversary proceedings under F.R.B.P. 7016, includes Rule 16(e) governing pretrial orders which provides in pertinent part: "This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a pretrial conference shall be modified only to prevent manifest injustice." Specialty never moved to modify the Final Pretrial Order to include provisions for enforcement of the Stipulation between the parties, enforcement of the confirmed Plan, or prejudgment interest, and no subsequent order was entered modifying the Final Pretrial Order. Since Specialty has recourse in the main case to seek enforcement of the Stipulations and confirmed Plan, no modification of the Final Pretrial Order is necessary or appropriate in this adversary proceeding with respect to those matters. With respect to prejudgment interest, Specialty has not shown adequate cause for relief under Rule 60(b), nor has Specialty shown manifest injustice sufficient to persuade the Court to modify the Final Pretrial Order to include prejudgment interest.

**III. Prejudgment Interest.**

Even if the Court had not concluded above that Specialty failed to satisfy Rule 60(b)'s requirements to alter or amend the Judgment to award prejudgment interest, and that it failed to include its request for prejudgment interest in the Final Pretrial Order, which governs trial of this proceeding, the Court still would conclude that Specialty failed to satisfy any claim for

prejudgment interest on the merits.  This Court in its Memorandum at pages 23-28 traced embezzled funds from Pam's account to the Defendant's homestead, but in the end concluded that only $52,054.96 of approximately $390,000 in embezzled funds were subject to a constructive trust awarded to Specialty.  The Court specifically omitted expenditures for repairs and maintenance which maintained the value of the property but did not increase the value from the constructive trust it awarded.  Memorandum, p. 28.  Thus, the $52,054.96 constructive trust already reflects the value of property properly presumed for detriment caused by wrongful conversion under § 27-1-320(1)(a).

Defendant properly notes that he has not been shown to have committed wrongful conversion of any personal property.  Pam embezzled, but she is not a party.  The subject matter of this adversary proceeding solely involves constructive trust, and this Court imposed a constructive trust specifically to prevent unjust enrichment of Defendant from Pam's fraud. Memorandum, p. 23.  The legislative intent of a statute is to be ascertained, in the first instance, from the plain meaning of the words.  *Western Energy Company v. State, Dept. of Rev.*, 1999 MT 289, ¶ 11,  297 Mont. 55, 58,¶ 11, 990 P.2d 767, 769, ¶ 11.  Montana's legislature understands how to draft a statute including the words "constructive trust", in MCA § 72-33-129.  That § 27-1-320 governs detriment caused by wrongful conversion, and does not include constructive trust where it could, persuades this Court that the plain meaning of the statute does not apply to constructive trusts in the absence of wrongful conversion by the defendant.

The district court in *Transamerica Premier Insurance Co. v. Miller, et al.*, 12 Mont. 99, 102-103, 1993 WL 759947 *2 (D. Mont. 1993), *aff'd.*, 41 F.3d 438, 447 (9th Cir. 1994) discussed prejudgment interest:

State law governs awards of pre-judgment interest in bankruptcy proceedings. *See, In re Universal Clearing House Co.*, 60 B.R. 985, 1002 (D. Utah 1986); *In re Agricultural Research and Technology Group*, 916 F.2d 528 (9th Cir. 1990). Under Montana law, the recovery of pre-judgment interest is governed by Mont. Code Ann. § 27-1-211 (1989), which provides:

> Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day except during such time as the debtor is prevented by law or by the act of the creditor from paying the debt.

> The primary objective of the pre-judgment interest statute, § 27-1-211 (1989), is to "fully compensate the injured party for the loss of use of his money during the period in which a valid claim was not paid." *Price Building Service, Inc. v. Holms*, 693 P.3d 553, 560 (Mont. 1985). Consequently, a party, in order to recover pre-judgment interest under Montana law, must establish[:] (1) an underlying monetary obligation; (2) the amount of recovery must be certain or capable of being made certain by calculation; and (3) the right to recover the obligation must vest on a particular day. *Northern Montana Hospital v. Knight*, 811 P.2d 1276, 1282 (Mont. 1991), *citing Byrne v. Terry*, 741 P.2d 1341, 1343 (Mont. 1987).

The district court awarded prejudgment interest because no dispute existed that the right to recover vested on a particular day, and determining the amount of damages simply necessitated "an exercise in accounting". *Transamerica*, 12 Mont. B.R. at 103, 105, 1993 WL 759947 at ** 2-3. The court noted that in *Knight* the extent of damages caused by the defendant was not certain prior to the jury's verdict, and other cases in which determining the extent of the plaintiff's damages necessitated the court make a factual inquiry and weigh conflicting opinions rather than simply "an exercise in accounting". *Transamerica*, 12 Mont. B.R. at 104-05, 1993 WL 759947 * 3.

The Ninth Circuit affirmed the district court's award of prejudgment interest, noting that absolute certainty of the amount of damages is not required, and damages need only be

13

ascertainable through calculation.  41 F.3d at 44.  The instant case did not involve losses from missed payments or from budget accounts, but instead involved the Court's determination of the extent it would impose a constructive trust on property that was purchased with embezzled funds, which were commingled with inheritance and other funds in the purchase of the Defendant's property.

In this Court's Memorandum, the amount of the constructive trust was unclear until several factual disputes were adjudicated.  *See Transamerica*, 41 F.3d at 446, citing *Heitz v. Heitz*, 244 Mont. 12, 795 P.2d 486, 489 (1990).  This Court declined to extend the amount of the constructive trust to amounts expended for regular maintenance because they did not enhance the value of the property.  The final requirement, that the right to recover the obligation must vest on a particular day, also is not met in the instant case because both the embezzlement and the expenditures of embezzled funds on the Defendant's property occurred on different dates over a period of years, and the Plaintiff presented no evidence from an expert accountant or otherwise upon which this Court could base necessary findings of the accrual of interest from each date. All things considered, this Court concludes that the instant case falls within the cases disallowing prejudgment interest as precluded by factual disputes.  *Transamerica*, 41 F.3d at 446, citing *Knight*, *Heitz*, *Morning Star Enter. v. R.H. Grover, Inc.*, 247 Mont. 105, 805 P.2d 553, 559 (1991); *Withrow v. Red Eagle Oil Co.*, 755 P.2d 622, 625 (Okla. 1988), and *McPherson v. Schlemmer*, 230 Mont. 81, 749 P.2d 51, 54 (1988).

Plaintiff seeks prejudgment interest based also on § 27-1-212 ("When award of interest discretionary"), which provides in pertinent part:  "In an action for breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given, in

14

the discretion of the jury."  As above, the instant adversary proceeding involves constructive

trust, which is not included in the specific list of theories in § 27-1-212 which may support a

discretionary award of prejudgment interest.  The plain meaning of § 27-1-212 does not include a

constructive trust.  *Western Energy Company v. State, Dept. of Rev.*, 1999 MT 289, ¶ 11.

The circuit court, in reviewing a district court decision and applying Montana law, in *U.S.

v. Nava*  404 F.3d 1119, 1130-31 (9th Cir. 2005), explains when a constructive trust arises:

> The "constructive trust" doctrine "arises when a person holding title to property is
> subject to an equitable duty to convey it to another on the ground that the person
> holding title would be unjustly enriched if he were permitted to retain it." Mont.
> Code Ann. § 72-33-219. Generally, "fraud, accident, mistake, undue influence,
> and violation of a trust, or other wrongful acts are the bases upon which a
> constructive trust is found," but a constructive trust may also be imposed "where a
> title holder innocently obtained title but would be unjustly enriched if they were
> allowed to retain the title." *In re Marriage of Moss*, 293 Mont. 500, 977 P.2d 322,
> 327 (1999). See also United States v. $4,224,958.57, 379 F.3d 1146 (9th
> Cir.2004)("[I]t is hornbook law that, when a fraudster acquired property from a
> victim by fraud, the fraudster holds the property in constructive trust for his
> victim." (citing Scott on Trusts § 462.4 (4th ed.1989))). "Thus, Montana law no
> longer requires a showing of fraud or other wrongful acts as a prerequisite to
> imposing a constructive trust...." [*In re Estate of McDermott*, 2002 MT 164, ¶ 25,
> 310 Mont. 435, 441, ¶ 25, 51 P.3d 486, 491, ¶ 25-26 *Estate of McDermott*, 51
> P.3d at 491].

The instant case does not involve fraud, accident, mistake, undue influence, and violation of a

trust, or other wrongful acts on the part of the Defendant, but rather only a constructive trust

awarded on the basis of unjust enrichment based on Pam's fraud.

In *Lawrence v. Clepper* (1993), 263 Mont. 45, 865 P.2d 1150, 1153, the Montana

Supreme Court reversed a judgment and award of prejudgment interest based on equitable

theories of restitution, unjust enrichment and constructive trust, when the court concluded that a

constructive trust was cut off when the property subject to the constructive trust was transferred

15

to a third party for value and without notice of the circumstances which gave rise to the trust. 263 Mont. at 56, 59-60, 865 Mont. at 1157, 1160.

In *Baltrusch v. Baltrusch,* 2003 MT 357, ¶¶ 10, 55, 69, 72, 77, 319 Mont. 23, 26, 33, 36-37, ¶¶ 10, 55, 69, 72, 77, 83 P.3d 256, 259, 264-65, 266 ¶¶ 10, 55, 69, 72, 77, the Montana Supreme Court affirmed a district court's denial of a request for prejudgment interest requested under § 27-1-320(1) in addition to the value of converted property.  The court noted that § 27-1-212 is discretionary and does not require compliance with the three criteria set forth in § 27-1-211.  *Baltrusch*, ¶¶ 69, 72.  Because the constructive trust imposed by the Judgment is based upon unjust enrichment alone, which is not included in the list of claims for relief in § 27-1-212, and Defendant has not been shown culpable for Pam's fraud, this Court declines to exercise its discretion to award prejudgment interest to Specialty under § 27-1-212.

The Court notes finally that Pam pleaded guilty to embezzlement, and the evidence at trial is that she was ordered to pay Specialty $420,000 in restitution.  Memorandum, p. 8.  Thus, Specialty retains its rights to seek recovery for lost interest from Pam, and it is not manifest injustice to deny its Motion for prejudgment interest which it failed to include in the Final Pretrial Order.

### CONCLUSIONS OF LAW

1.  This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

3.  Specialty has not met its burden under FED. R. CIV. P. 60(b) of showing that the Judgment was entered through no fault of its own and that it exercised diligence in protecting its

16

rights when it did not include in the Final Pretrial Order its claims for enforcement of

Stipulations and the confirmed Chapter 13 Plan, or its request for prejudgment interest.  No

subsequent order modifying the Final Pretrial Order was requested or granted and the Final

Pretrial Order superseded the pleadings pursuant to its terms and FED. R. Civ. P. 16(e), and

Specialty failed to show that the Final Pretrial Order must be modified to prevent manifest

injustice.

      4.  Specialty's Motion to Alter or Amend Judgment to enforce the terms of the confirmed

Chapter 13 Plan and Stipulations between the parties entered into and approved in the above-

captioned Chapter 13 case fails to demonstrate proper grounds to alter or amend the Judgment

entered in this adversary proceeding pursuant to FED. R. CIV. P. 60(b) or F.R.B.P. 7001.

      5.  Specialty is not entitled to prejudgment interest on the funds awarded under the theory

of constructive trust under MCA §§ 27-1-320 and 27-1-211.

      6.  This Court declines to exercise its discretion to award prejudgment interest under

MCA § 27-1-212.

      **IT IS ORDERED** a separate Order shall be entered in conformity with the above

denying Specialty's Motion to Alter or Amend Judgment (Docket No. 52) filed on March 2,

2007.

                                          BY THE COURT

                                          *Ralph B. Kirscher*

                                          HON. RALPH B. KIRSCHER
                                          U.S. Bankruptcy Judge
                                          United States Bankruptcy Court
                                          District of Montana

17